IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


| | | |
|---|---|---|
| Daniel Eloy Romero, | ) | No. CV 04-825-PHX-FJM (HCE) |
| | ) | |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden Gay, et. al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.   Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Nancy Fiora on August 24, 2004.  On July 9, 2005, this matter was referred to the undersigned Magistrate Judge in light of Magistrate Judge Fiora's retirement.  For the following reasons, the Magistrate Judge recommends that the District Court dismiss the Petition as untimely.

I.  FACTUAL & PROCEDURAL BACKGROUND

A.      State Proceedings

On March 13, 1989, pursuant to a guilty plea to two counts of Attempted Sexual Conduct with a Minor Under the Age of 15, Petitioner was sentenced to 15 years of

imprisonment for each count to run consecutively and to lifetime probation.[1]  (Petition, p.1; Answer, p. 2, Ex. A, Attachment 1) An addendum to the plea agreement indicated that Petitioner would not be eligible for release from confinement on any basis until he has served one-half of the sentence imposed by the court.  (Answer, p.2 (citing Petition, p.9H)) Petitioner filed a direct appeal of his convictions.  (Petition, p.2) On April 24, 1990, the Arizona appellate court affirmed the judgments of the trial court.[2]  (Petition, p.2)

Petitioner appeared before the Board of Executive Clemency for parole into his consecutive sentence every January from 1996 to 2000.  (Answer, Ex. A) The Board denied parole on all occasions.  (Id.)  Petitioner refused to appear at the January 2001 hearing. (Id.) Additionally, Petitioner "waived the following hearings on his consecutive sentence parole hearing: October 9, 2001, April 9, 2002, October 8, 2002, and April 7, 2003."  (Id.)

On June 5, 2000, Petitioner filed a Notice of Post-Conviction Relief.  (Answer, Ex. G)  On April 18, 2001, Petitioner filed a Petition for Post-Conviction Relief which the  trial court denied on July 3, 2001.  (Petition, p.2, Ex. A; Answer, Ex.B)  Petitioner's petition for review filed with the Arizona Court of Appeals was denied on May 9, 2002.  (Answer, Ex. C)   Petitioner then sought review from the Arizona Supreme Court which was denied on

---

[1]Petitioner's criminal case was filed in Maricopa County Superior Court, Phoenix, Arizona.  The offenses for which Petitioner stands convicted are designated as class 3 felonies and dangerous crimes against children in the second degree.  (Answer, Ex. A, Attachment 1) Petitioner takes issue with Respondents' characterization of his offenses as dangerous crimes.  (Petitioner's August 9, 2006 Response to State's Answer, p.2) The offenses were specified by the trial court not to have involved the use or exhibition of a deadly weapon or a dangerous instrument or the intentional or knowing infliction of a serious physical injury, *i.e.* non-dangerous.  (Answer, Ex. A, Attachment 1) (trial court's order imposing sentences for "felony class 3 and dangerous crime against children in the second degree") The offenses for which Petitioner stands convicted are ones of several descriptively designated to be "dangerous crimes against children" pursuant to A.R.S. § 13-604.01 (1985).

[2]The 1990 appellate court opinion (hereinafter "1990 appellate court opinion") was not filed by the parties.  The entire opinion obtained from the Arizona Court of Appeals is filed herein under separate order.

October 7, 2002.[3] (Petition, pp. 9L-9M; Respondents' April 13, 2007 Notice of Filing in Compliance with the Court's April 11, 2007 Order (hereinafter "Respondents' Notice"), Ex. A)

On February 20, 2003, Petitioner sent a letter to the trial judge regarding "Sentence Clarification." (Petition, Ex. C) On April 18, 2003, the trial court issued an order reflecting that it "has reviewed defendant's letter entitled 'Sentence Clarification'," and denying his request. (Id.; Answer, Ex. D)

B.      Federal Proceeding

Petitioner raises the following claims in his Petition:

1.      ADOC violated his constitutional rights by failing to apply earned release credits when calculating Petitioner's sentence;

2.      ineffective assistance of counsel throughout the criminal proceeding, including the appeal;

3.      ineffective assistance of appellate counsel and ineffective assistance of counsel and legal advocate during the post-conviction relief proceeding;

4.      ineffective assistance of counsel because Petitioner was not informed about the 1990 appellate court opinion; and

5.      legislation enacted after the date of his offense should apply so that his sentences will run concurrently instead of consecutively and the trial court did not specify that the sentence would be served day for day.

Respondents thereafter filed an Answer responding to the merits of Petitioner's claims. Petitioner then filed a Reply.

---

[3]By letter dated October 7, 2002, the Arizona Supreme Court notified Petitioner and other parties  that Petitioner's petition for review had been denied on October 3, 2002.  The Court will treat the denial of Petitioner's petition for review as having been issued on October 7, 2002.

On June 23, 2006, the Court entered an Order requiring Petitioner to show cause why his Petition should not be dismissed as untimely. (June 23, 2006 Order); *see also Day v. McDonough,* __ U.S. __, 126 S.Ct. 1675 (2006) (district court may consider, *sua sponte,* the timeliness of a state habeas petitioner's petition). Petitioner and Respondents have now briefed the issue of statute of limitations.

II.      DISCUSSION

     A.      Introduction

The crux of Petitioner's claims concern whether he is eligible to be paroled on the first of his two consecutive sentences based upon earned release credits so that he may begin serving his second consecutive sentence.  Arizona law is clear that at the time of Petitioner's date of offense and conviction, the law did not allow Petitioner to earn early release credits. *See* A.R.S. §§ 13-1604.01(G) (1985), 41-1604.06[4] (1985), 41-1607(A) (1985); *True v. Stewart,* 18 P.3d 707, 199 Ariz. 396 (2001).[5]    Further, although the statutory scheme regarding eligibility for earned release credits was later amended, the amendments "do not affect the eligibility of persons convicted prior to September 27, 1990...." *True,* 18 P.3d at 710, 199 Ariz. at 399.  Hence, the law remains unchanged for persons like Petitioner who were convicted prior to September 27, 1990.

     B.      Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court."  *Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)); *see also Shelby v. Bartlett,* 391 F.3d 1061, 1065 (9th Cir. 2004) ("The section 2244(d)(1) limitation period is not limited to petitions challenging the judgment of a state

---

[4]A.R.S. § 41-1604.06 was subsequently renumbered as A.R.S. § 41-1604.09.

[5]The 1900 appellate court opinion also indicates that Petitioner was ineligible to earn release credits.

court. It applies to all petitions filed by a person in custody pursuant to the judgment of a State court.")  State prisoners like Petitioner, "whose convictions became final prior to AEDPA's enactment had a one-year grace period in which to file their petitions." *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001).  That one-year grace period "ended on April 24, 1997 in the absence of statutory tolling."  *Id.* at 1246.

Pursuant to section 2244, the limitations period

shall run from the latest of–
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1)(A)-(D).

The statute of limitations may be statutorily or equitably tolled. *Malcom*, 281 F.3d at 955.  The limitations period is statutorily tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Additionally, equitable tolling may apply "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Malcom,* 951 F.3d at 962.

Because Petitioner's conviction became final prior to the AEDPA's enactment, Petitioner had until April 24, 1997 to file a timely federal habeas petition. *See Patterson,* 251 F.3d at 1245.  The instant Petition was signed by Petitioner on April 10, 2004 and was filed-stamped by the Clerk of the Court on April 23, 2004.  A petition is deemed filed when handed by the inmate to a prison official for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988).  The Court deems the Petition commencing this action as filed on April 10,

2004.  *See id.*  Such filing date is well-beyond the April 24, 1997 statute of limitations applicable to Petitioner under the AEDPA.  Therefore, Petitioner's Petition is untimely unless Petitioner can establish that he falls within one of the categories listed in section 2244(d)(1)(B) through (D) and/or statutory or equitable tolling applies.

Petitioner asserts that he was "intimidated by State authorities and other inmates and on open yard UNTIL mid part of 1999 when he was put on a SEX OFFENDER yard where he could then pursue a [sic] appeal/direct or via PCR of which he currently did.  The prison system and general population yard would of [sic] been LIFE THREATING [sic] to of [sic] went to a law library and had copies of cases/laws on sex offense made...This alone should be exemption to tolling it'self [sic]."  (Petitioner's July 13, 2006 Response to Order by Magistrate Judge, p.2) (capitalization and ellipsis in original).

Petitioner also asserts that *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and its progeny "are from the 2001 to 2005 time frame all dealing with the same issues" and create a new rule of criminal procedure and constitute newly discovered evidence.  (Id. at p. 1)

In 2000, Petitioner filed a Notice of Post-Conviction Relief with the state trial court. (Answer, Ex. G)  According to Petitioner, he did not know about the 1990 appellate court opinion regarding his challenge to the voluntariness of his pleas until the filing of his post-conviction relief proceeding.  (Petition, p. 6)  In 1990, the appellate court affirmed Petitioner's convictions. However, the appellate court also held that the trial court erred by failing to advise Petitioner at his change of plea hearing of his ineligibility to earn release credits but that such error did not render the convictions reversible absent an evidentiary showing, in the context of a post-conviction relief proceeding, of prejudice to Petitioner.  The appellate court indicated that defendants in Petitioner's position should petition the trial court for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, seek a stay order from the appellate court to suspend the appeal, and move to consolidate the Rule 32 proceeding with the direct appeal after the trial court has ruled on the petition for

- 6 -

post-conviction relief.   Because Petitioner did not request a stay of the appeal for purposes of a Rule 32 proceeding, the appellate court affirmed the judgements of the trial court.

In its July 3, 2001 order resolving Petitioner's petition for post-conviction relief, the trial court specifically addressed and denied Petitioner's arguments concerning "the failure of the trial judge to inform a defendant pleading guilty to a dangerous crime against children that he would be unable to earn release credits." (Petition, Ex. A) The court held that such failure "does not render a plea involuntary where the defendant was aware of the minimum and maximum sentences he could receive.  This Defendant's ineligibility to earn release credits does not affect his earliest parole eligibility date.  The Defendant was also informed that he could receive consecutive sentences by the trial judge." (Id.)  Finding that "there are no issues of material fact or law which would entitle the Defendant to relief under Rule [sic] and no purposes would be served by any further proceedings", the trial court dismissed Petitioner's petition for post-conviction relief.  (Id.)  Petitioner's petitions for review of this decision by the state appellate and supreme courts were denied.

The record supports the conclusion that Petitioner did not know the factual predicate of his claims at the time of his conviction given the state appellate court's finding that the trial court failed to advise Petitioner about his ineligibility to earn release credits.  Even if the Court were to give Petitioner the benefit of every doubt and deem that pursuant to section 2244(d)(1)(D), the limitations period did not commence until after resolution of the state post-conviction relief proceeding, initiated in 2000, the instant Petition is still untimely.

The Arizona Supreme Court entered its order denying review in Petitioner's post-conviction relief proceeding on October 7, 2002.   Under the AEDPA, Petitioner had one year following the conclusion of that proceeding to seek federal habeas relief.  The Petition herein was not filed until well over one year later on April 10, 2004.

Petitioner's February 20, 2003 letter regarding "Sentence Clarification" that he sent to the state trial court does not alter this analysis.  The AEDPA allows for tolling during the time "which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending...."  28 U.S.C. § 2244(d)(2).  An application contemplated by section 2244(d)(2) is properly filed  "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted).  Rule 32 of the Arizona Rules of Criminal Procedure "was amended in 1975...to consolidate several types of post-conviction writs, petitions, and motions into one comprehensive post-conviction remedy...."  *Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994).  The Comment to Rule 32.1 states in pertinent part that:

> Under previous Arizona procedure, there were seven avenues for post-conviction relief: appeal, federal *habeas corpus,* Arizona *habeas corpus,* writ of *coram nobis,* motion for new trial or newly discovered evidence, motion to modify or vacate judgment (under Civil Rule 60(c)), and delayed appeal. Each had different mechanics, requirements and time limits. The unified procedure of Rule 32...[c]onsolidates the last five avenues into a single comprehensive remedy.

Comment to 17 A.R.S. Rules of Crim. Proc. 32.1.

The record reflects that instead of filing a federal petition for writ of habeas corpus upon resolution of his 2000 post-conviction relief proceeding, Petitioner chose to file a letter with the state trial court regarding sentence clarification.  In his letter, Petitioner indicated that ADOC  "seems to of [sic] changed the sentence structure from yours to theres [sic]." (Petition, Ex. C) He requested that the court "clarify the sentence to all concerned by sending a new copy of the sentence/commitment papers to ADOC for them to correct as per your sentence." (Id.) (emphasis omitted) Such a letter has never been required for exhaustion, nor has it been associated with post-conviction proceedings. *See* Comment to 17 A.R.S. Rules of Crim. Proc. 32.1.  Further, the trial court did not construe Petitioner's letter as a petition for post-conviction relief or other collateral review.  Instead, the trial court referred to the filing

- 8 -

as a "letter entitled Sentence Clarification" and denied Petitioner's request.[6]  Under such circumstances, Petitioner's February 20, 2003 letter does not constitute a properly filed application for state post-conviction relief or other collateral review.  Therefore, the filing of the February 20, 2003 letter did not toll the AEDPA statute of limitations.

Petitioner's state post-conviction relief proceeding concluded on October 7, 2002 when the Arizona Supreme Court issued its order denying review.  Petitioner's April 10, 2004 federal habeas petition was filed more than one year after that date.

Petitioner's reference to *Apprendi* does not affect the statute of limitations herein. Under *Apprendi,* any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  *Apprendi,* 530 U.S. at 490.  It is well-settled that *Apprendi* and its progeny do not apply retroactively to a conviction that was final before that decision was announced.  *See Jones v. Smith,* 231 F.3d 1227, 1236-1238 (9th Cir. 2000);*Cooper-Smith v. Palmateer,* 397 F.3d 1236, 1245-1246 (9th Cir. 2005);  *Schardt v. Payne,* 414 F.3d at 1025, 1035 (9th Cir. 2005) (same with regard to *Blakely*).  Further, it is unclear how the *Apprendi* line of cases is relevant to Petitioner's instant claims regarding eligibility for earned release credits or how those decisions would excuse Petitioner's filing of his federal habeas petition more than one year after the 2002 conclusion of his post-conviction relief proceeding.

Nor has Petitioner established that, despite diligent pursuit of his rights, some extraordinary circumstance beyond his control prevented him from seeking federal habeas relief within the AEDPA statute of limitations.  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see also Malcom,* 951 F.3d at 962.  Therefore, Petitioner is not entitled to equitable tolling of the AEDPA statute of limitations.  *See Pace,* 544 U.S. at 418 ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

---

[6]The court also indicated "[t]he version of A.R.S. § 41-1604.07 in effect at the time defendant committed his offenses on November 10, 1986 did not require ADOC to release an inmate to a consecutive sentence on the inmate's earned release credit date."  (Id.)

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.")

This same conclusion also applies to Petitioner's claim of ineffective assistance of counsel and legal advocate during the post-conviction relief proceeding.  Although such claim could not have arisen until Petitioner's post-conviction relief proceeding during 2000-2002, such a claim is untimely given that the instant Petition was filed more than one year after the conclusion of that proceeding and the record does not support a finding of tolling of  the AEDPA statute of limitations after the Arizona Supreme Court's October 7, 2002 denial of Petitioner's petition for review.   Accordingly, the instant Petition is barred by the AEDPA statute of limitations and must be dismissed for that reason.

III.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: **CV 04-825-PHX-FJM.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 18th day of April, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge

- 10 -