**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Daniel Romero, ) | No. CV-04-0825-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Warden Gay, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 8), and petitioner's reply (doc. 9); the United States Magistrate Judge's order to show cause why the petition should not be dismissed as untimely (doc. 13), petitioner's response (doc. 14), respondents' response (doc. 15), and petitioner's reply (doc. 16); the report and recommendation of the United States Magistrate Judge (doc. 20), petitioner's objections (doc. 22), and respondents' response (doc. 25); and petitioner's motion for status report and complete docket statement (doc. 26).

For the following reasons, we accept the recommendation of the Magistrate Judge within the meaning of Rule 8(b), Rules Governing § 2254 cases, and deny the petition for writ of habeas corpus (doc. 1).

**I**

On March 13, 1989, pursuant to a guilty plea to two counts of attempted sexual conduct with a minor, petitioner was sentenced to fifteen years in prison for each count, to run consecutively, and to lifetime probation. On April 24, 1990, the Arizona Court of Appeals affirmed the convictions. Thereafter, on May 10, 2001, petitioner filed a petition for post-conviction relief in state court, claiming that the Arizona Department of Corrections miscalculated his sentence by failing to apply good time credits. On July 3, 2001, the state court denied the petition on its merits, concluding that petitioner is not eligible for early release credits and that the failure of the trial judge to inform him of this ineligibility does not render his guilty plea involuntary. Response to Petition (doc. 8), exhibit B.[1] The Arizona Court of Appeals denied review on May 9, 2002, and the state post-conviction proceedings concluded on October 7, 2002, when the Arizona Supreme Court issued its order denying review.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court." Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)). State prisoners, such as petitioner, "whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions." Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). The one-year grace period ended on April 24, 1997 in the absence of statutory or equitable tolling. Id. at 1246. The limitations period is statutorily tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

---

[1] At the time of petitioner's date of offense and conviction, Arizona law did not allow him to earn early release credits. See A.R.S. §§ 13-1604.01(G), 41-1604.06, 41 § 1607(A) (1985); True v. Stewart, 199 Ariz. 396, 397, 18 P.3d 707, 708 (2001). Although the statute was subsequently amended regarding eligibility for earned release credits, the amendments "do not affect the eligibility of persons convicted prior to September 27, 1990." True, 199 Ariz. at 399, 18 P.3d at 710.

1    Equitable tolling may apply "if extraordinary circumstances beyond a prisoner's control make
2    it impossible to file a petition on time." Malcom, 281 F.3d at 962.

3         Under AEDPA, petitioner had until October 7, 2003 to file his federal habeas petition,
4    one year after the conclusion of his state post-conviction proceedings.  Because the present
5    petition was not filed until April 10, 2004, the magistrate judge issued an order to show cause
6    why the petition should not be dismissed as untimely under AEDPA (doc. 13).  After
7    briefings by the parties, the magistrate judge concluded that the petition for writ of habeas
8    corpus is untimely, and that petitioner is not entitled to tolling of the statute.  Accordingly,
9    the magistrate judge now recommends dismissing the petition.

**II**

11        Petitioner raises several arguments to support his claim for equitable tolling.  In his
12   objections to the magistrate judge's report and recommendation, petitioner argues that the
13   statute of limitations should be equitably tolled because he never received the Arizona Court
14   of Appeals' April 24, 1990 order affirming his conviction ("1990 Order") (doc. 21).  This
15   argument is without merit.  Even assuming that petitioner never received the 1990 Order, it
16   is not clear how that fact is relevant to the timeliness of his present petition.

17        In its 1990 Order, the Arizona Court of Appeals found that "the trial court erred in the
18   instant case by failing to advise defendant at his change of plea hearing of his ineligibility
19   to earn release credits." 1990 Order at 6.  The court concluded, however, that such error does
20   not render the convictions reversible given that the record contained no showing of prejudice
21   to petitioner. Id.  Similarly, in ruling on petitioner's petition for state post-conviction relief,
22   the state court concluded that the trial court's failure to advise petitioner of his ineligibility
23   to earn release credits does not render the plea involuntary where he "was aware of the
24   minimum and maximum sentences he could receive." Answer to Petition (doc. 8), exhibit
25   B at 1.  The court further concluded that petitioner's ineligibility to earn release credits would
26   not affect his earliest parole date. Id.

27        Even assuming that petitioner did not receive a copy of the 1990 Order affirming his
28   conviction, he nevertheless pursued his state post-conviction remedies.  The conclusion of

1  those state post-conviction proceedings triggered the running of the AEDPA statute of
2  limitations. Petitioner's failure to receive a copy of the 1990 Order does not impact that
3  trigger date and does not constitute an "extraordinary circumstance[ ] beyond [his] control,"
4  which made it impossible to file a petition on time. See Malcom, 281 F.3d at 962.

5  We also reject petitioner's argument that he was unable to pursue a habeas petition
6  because he was intimidated in the jail yard until 1999, when he was separated from the
7  general prison population. Even if we accept petitioner's claim as true, the impediment to
8  pursuing his claim was removed in 1999, some four years before his filing deadline. This
9  alleged obstacle to filing his petition cannot serve as the basis for equitable tolling.

10  Next, we agree with the magistrate judge's conclusion that Apprendi v. New Jersey,
11  530 U.S. 466, 120 S. Ct. 2348 (2000), is inapposite factually and in any event does not apply
12  retroactively. See Jones v. Smith, 231 F.3d 1227, 1236-38 (9th Cir. 2000). The magistrate
13  judge correctly concluded that Apprendi does not serve as a basis to equitably toll the statute
14  of limitations.

15  Finally, we reject petitioner's claim for equitable tolling based on his argument that
16  copies of AEDPA were removed from the Arizona Department of Corrections ("ADC")
17  libraries until January 8, 2002. Petitioner's Objections (doc. 22) at 1. As we have already
18  recognized, petitioner had one year from the conclusion of his state post-conviction
19  proceedings, or until October 7, 2003, to file his federal habeas petition. Therefore, copies
20  of AEDPA were in place at ADC well before the statute of limitations began to run and
21  before petitioner's filing deadline.

**III**

Based on the foregoing, we accept the recommended decision of the United States Magistrate Judge. Accordingly, **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

- 4 -

1   Petitioner's motion for status report and docket statement (doc. 26) is **GRANTED**
2 insofar as the status of this matter is explained in this Order. The clerk is directed to send
3 petitioner a copy of the docket in the instant matter.
4       DATED this 2nd day of July, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge